IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN F. HICKMAN,

    Petitioner,

v._____Civil Action No. **3:11cv668**

COMMONWEALTH OF VIRGINIA,

    Respondent.

## MEMORANDUM OPINION

John F. Hickman, a Virginia probationer proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his conviction in the Circuit Court of the County of Henrico, Virginia ("Circuit Court"). Respondent has moved to dismiss the § 2254 Petition. Hickman has replied. This matter is ripe for judgment.

### I. PROCEDURAL HISTORY

The Court of Appeals of Virginia effectively summarized the facts in this case:

> [W]hen Henrico County Police Officer Livengood responded to a 911 call at [Hickman's] business, [Hickman] alleged that the mother of his child (V.M.) had hit the baby carrier—with the baby strapped into the carrier—causing the carrier to fall off a couch onto the floor. V.M. denied the allegation, and Officer Livengood observed that the baby did not seem injured or distressed. The officer, who was required to make an arrest upon an allegation of domestic assault, asked [Hickman] to fill out a written statement form. Moments later, [Hickman] returned the blank statement form to the officer, now stating that he did not want to file a written report against V.M. [Hickman] then explained that the incident of V.M. causing the baby carrier to fall to the floor did not happen.[1] Officer Livengood asked, "So, you made it up?" [Hickman] responded, "Yes."

*Hickman v. Commonwealth*, No. 1733-09-2, at 2 (Va. Ct. App. Dec. 9, 2009).

---

[1] Hickman testified that he retracted his truthful report "[b]ecause one, [V.M.'s] mother didn't want me to get [V.M.] in trouble. Two, I had an eight-day-old baby who was being breast-fed [by V.M.]. I mean, what can, I mean, I can't feed the baby. I mean, I can't give him milk." (July 7, 2009 Tr. 31:19–22.)

The Circuit Court found Hickman guilty of giving a false police report, imposed a $500.00 fine, and sentenced him to twelve months of imprisonment suspended for a period of five years. (July 7, 2009 Tr. 41:23–42:10.) Hickman appealed, arguing that the evidence adduced at trial was insufficient to support his conviction. The Court of Appeals of Virginia denied the appeal. *Hickman*, No. 1733-09-2, at 1, 3. The Supreme Court of Virginia refused Hickman's subsequent petition for appeal. *Hickman v. Commonwealth*, No. 092602, at 1 (Va. June 11, 2010).

Hickman next filed a petition for a writ of habeas corpus in the Circuit Court ("State Habeas Petition"). In his State Habeas Petition, Hickman argued, *inter alia*, that "he was deprived of due process in the admission of his statement to [Officer Livengood]." *Hickman v. Commonwealth*, No. CL10–2430, at 1 (Va. Cir. Ct. Mar. 3, 2011). The Circuit Court "dismisse[d] [this] claim[ ] as procedurally defaulted under the rule in *Slayton v. Parrigan*, 215 Va. 27, 30, 205 S.E.2d 680, 682 (1974)[.]"[2] *Id.* at 1–2. The Supreme Court of Virginia dismissed Hickman's subsequent petition for appeal finding "that the appeal was not perfected in the manner provided by law because [Hickman] failed to file the notice of appeal." *Hickman v. Commonwealth*, No. 110989, at 1 (Va. Aug. 22, 2011).

Hickman then filed the § 2254 Petition in this Court making the following claims:

Claim One   The Commonwealth "[v]iolat[ed] [Hickman's] due process right under the Fourteenth Amendment"[3] by admitting Hickman's statements to Officer Livengood into evidence. (§ 2254 Pet. 4.)[4]

---

[2] *Slayton* bars habeas petitioners from raising claims that they could have, but did not, raise on direct appeal. *See Slayton*, 205 S.E.2d at 682.

[3] "No state shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV § 1.

[4] The § 2254 Petition does not contain page numbers. Accordingly, in citations to this document, the Court will refer to the page numbers assigned by the Court's CM/ECF system.

Claim Two   (a)   Trial counsel deficiently[5] failed to suppress Hickman's statements to Officer Livengood.

(b)   Trial counsel deficiently failed to make a motion to strike at the close of the Commonwealth's evidence.

(c)   Appellate counsel "never presented [Hickman's] theory that the evidence did not meet the corpus delicti rule as communicated to counsel via email." (*Id.*)

## II. PROCEDURAL DEFAULT

Respondent asserts that Claim One is procedurally defaulted. The doctrine of procedural default provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)).[6] Whether a state procedural rule is adequate and independent is a question of federal law. *Henry v. Mississippi*, 379 U.S. 443, 447 (1965). The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

---

[5] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[6] A federal habeas petitioner may also procedurally default a claim when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (*quoting Coleman*, 501 U.S. at 735 n.1). The parties do not dispute that Hickman's claims are exhausted.

3

### A. Dismissal of the State Habeas Petition

The Circuit Court dismissed the State Habeas Petition based on the Supreme Court of Virginia's ruling in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974). *Hickman v. Commonwealth*, No. CL10-2430, at 1-2 (Va. Cir. Ct. Mar. 3, 2011). The United States Court of Appeals for the Fourth Circuit has "held on numerous occasions that the procedural default rule set forth in *Slayton* constitutes an adequate and independent state law ground for decision." *Mu'min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1997) (citing cases). Thus, unless Hickman can demonstrate either cause and prejudice or actual innocence to excuse his default, Claim One is procedurally defaulted.

### B. Obtaining Review Despite Default

This Court may review a petitioner's procedurally defaulted claims if the petitioner establishes either cause and prejudice or actual innocence. *Breard*, 134 F.3d at 620. "Cause" in this context means an "objective factor external to the defense" sufficient to thwart an actual attempt to correctly file the claims in state court. *McNeill v. Polk*, 476 F.3d 206, 214 (4th Cir. 2007) (*citing Richmond v. Polk*, 375 F.3d 309, 324 (4th Cir. 2004)). Hickman bears the responsibility to assert cause and prejudice and/or actual innocence. *See Burket v. Angelone*, 208 F.3d 172, 183 n.10 (4th Cir. 2000). Hickman fails to assert either. Accordingly, Claim One will be DISMISSED.

### III. INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the defendant must overcome the "'strong presumption' that

counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (*quoting Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (internal quotation marks omitted; emphasis omitted). However, in analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Strickland*, 466 U.S. at 694.

### A. Claim Two (a)

In Claim Two (a), Hickman asserts that "trial counsel filed no motions to determine the voluntariness of the statement given by [Hickman]."[7] (§ 2254 Pet. 4.) "[T]he United States Supreme Court has long recognized that *Miranda*[8] warnings are implicated only during a custodial interrogation." *Aldridge v. Commonwealth*, 606 S.E.2d 539, 550 (Va. Ct. App. 2004)

---

[7] It appears from Hickman's submissions that when Hickman refers to "the statement" (§ 2254 Pet. 4; Pet'r's Resp. Mot. Dismiss 5) he is referring to is the following testimony from Officer Livengood:

> [Livengood]  I explained to Mr. Hickman that [V.M. knocking the baby carrier to the floor] ether happened or it didn't happen and asked him which one it was. He indicated that it didn't happen. I then stated, "So, you made it up?"
> And he said, "Yes."

(July 7, 2009 Tr. 8:16–19.)

[8] *Miranda v. Arizona*, 384 U.S. 436, 467 (1966).

5

(*citing Oregon v. Mathiason*, 429 U.S. 492, 495 (1977)). Here, nothing in the record indicates that Hickman's "freedom [had] been so restricted as to render him . . . 'in custody.'" *Harris v. Commonwealth*, 500 S.E.2d 257, 262 (Va. Ct. App. 1998) (*citing Mathiason*, 492 U.S. at 495.) Indeed, Hickman testified that, immediately prior to making the statement in question, he spoke on the phone and waited on a customer. (*See* July 7, 2009 Tr. 28:9–13.) Thus, trial counsel had no reason to object to the admission of Hickman's statement to Officer Livengood based on a contention that the statement was given in violation of *Miranda* and, thus, was not voluntary. Hickman cannot show deficiency based on trial counsel's failure to make a frivolous objection. *See Baker v. United States*, Nos. 3:07–CR–435, 3:10–CV–762, 2011 WL 3841690, at *14 (E.D. Va. Aug. 30, 2011). Accordingly, because Hickman fails to show deficiency, Claim Two (a) will be DISMISSED.

### B. Claim Two (b)

In Claim Two (b), Hickman avers that trial counsel never made a motion to strike at the close of the Commonwealth's evidence. (§ 2254 Pet. 4.) Hickman asserts that, by omitting this motion, trial counsel "fail[ed] to preserve [Hickman's] right to appeal on the alleged statement." (Pet'r's Resp. Mot. Dismiss 5.) However, despite the fact that trial counsel failed to make this motion, the Court of Appeals of Virginia considered the merits of Hickman's petition for appeal. *See Hickman v. Commonwealth*, No. 1733-09-2, at 1–3 (Va. Ct. App. Dec. 9, 2009). Thus, Hickman cannot show that trial counsel's omission prejudiced him. Accordingly, Claim Two (b) will be DISMISSED.

### C. Claim Two (c)

In Claim Two (c), Hickman asserts that appellate counsel deficiently failed to "advocat[e] [Hickman's] theory of the case as instructed by [Hickman]." (Pet'r's Resp. Mot. Dismiss 7.)

Specifically, "[c]ounsel for appeal never presented [Hickman's] theory that the evidence did not meet the corpus delicti rule[9] as communicated to counsel via email." (§ 2254 Pet. 4.) "The alleged confession by me stated by [Officer Livengood] was uncorroborated. The prosecution must prove that corroborating evidence exists that the crime that the defendant has confessed to did actually occur." (Pet'r's Resp. Mot. Dismiss Ex. 5.)

To establish ineffective assistance of appellate counsel, a petitioner must demonstrate deficiency and prejudice, as required by *Strickland*. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000). Appellate counsel is under no obligation to raise all non-frivolous issues on appeal. *Smith v. Murray*, 477 U.S. 527, 536 (1986) ("[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.") (internal quotation marks omitted). To the contrary, appellate counsel is charged with reviewing the record and "selecting the most promising issues for review." *Jones v. Barnes*, 463 U.S. 745, 752 (1983). "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies *Anders* [*v. California*, 386 U.S. 738 (1967)]." *Id.* at 754. To overcome the presumption of effective assistance of appellate counsel, petitioner must demonstrate that ignored issues were "'clearly stronger than those presented.'" *Bell*, 236 F.3d at 164 (*quoting Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

Officer Livengood testified credibly that Hickman made a statement to him that V.M. intentionally knocked the baby carrier to the floor. (July 7, 2009 Tr. 7:7–8.) Officer Livengood

---

[9] The corpus delicti rule provides that a conviction cannot be based solely on the uncorroborated statement of a person that a crime has occurred and that he committed it. *Downey v. Commonwealth*, 716 S.E.2d 472, 475 (Va. Ct. App. 2011) (*citing Hamm v. Commonwealth*, 428 S.E.2d 517, 522 (Va. Ct. App. 1993)).

then testified that Hickman admitted that the foregoing statement was false. (*Id.* at 8:18–19.) V.M. then testified that, contrary to Hickman's assertions, she did not knock the baby carrier onto the floor. (*Id.* at 18:10–12.)[10] Subsequently, Hickman testified that V.M. "had knock [sic] the baby down on the floor" causing him to become "so livid and so mad that that [sic] I had to separate myself from her . . . ." (*Id.* at 20:25–21:4.) Hickman stated that he did not tell Officer Livengood that this statement about V.M. was false. Hickman claimed that he merely told Officer Livengood that he did not wish to make the accusation official because he had "another way of dealing with th[e] matter." (*Id.* at 30:7, 15–16.) Having heard this conflicting testimony, the Circuit Court found that Hickman made a false statement to Officer Livengood and found Hickman guilty. (*Id.* at 41:23–24.) Thus, contrary to Hickman's assertions, his conviction did not rely solely on Officer Livengood's testimony regarding Hickman's statement[11] and he cannot

---

[10] When the Commonwealth cross examined V.M., the following exchange occurred:

| | |
|---|---|
| [Commonwealth] | Did you knock the baby and the baby carriage to the floor? |
| [V.M.] | I did not. |
| [Commonwealth] | So when [Hickman] made that statement to the police, it was false? |
| [V.M.] | He didn't say that I knocked the carriage. He said that I threw the baby to the floor. |
| [Commonwealth] | Okay. Did you throw the baby to the floor? |
| [V.M.] | No, I did not. |
| [Commonwealth] | So when [Hickman] said you threw the baby to the floor that was false? |
| [V.M.] | Yes. |

(July 7, 2009 Tr. 18:10–21.)

[11] Here, V.M.'s assertion that Hickman's accusation against her was false corroborated Officer Livengood's testimony that Hickman contemporaneously admitted the falsity of his accusation to Livengood. Thus, Hickman's conviction did not violate the corpus delicti rule. *See Downey*, 716 S.E.2d at 475 ("'[W]here the commission of the crime has been fully confessed by the accused only slight corroborative evidence is necessary to establish the *corpus delicti*.'" (quoting *Morning v. Commonwealth*, 561 S.E.2d 23, 25 (Va. Ct. App. 2002)); *Morning*, 561 S.E.2d at 26 (finding that, where the testimony of a witness confirmed elements of the

demonstrate that this issue was "'clearly stronger than those presented.'" *Bell*, 236 F.3d at 164 (*quoting Smith*, 528 U.S. at 288); *see also Jones*, 463 U.S. at 751 (emphasizing that defendants may not compel appellate counsel to argue specific issues on appeal). Accordingly, because Hickman fails to show deficiency, Claim Two (c) will be DISMISSED.

## IV. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 4) will be GRANTED. Hickman's claims will be DISMISSED and his § 2254 Petition will be DENIED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Hickman fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.

An appropriate Order shall issue.

Date: 6-26-12
Richmond, Virginia

/s/
James R. Spencer
United States District Judge

---

defendant's confession, sufficient corroborative evidence existed "to establish the *corpus delicti* 'when taken with the evidence of the confession.'" (*quoting Claxton v. City of Lynchburg*, 421 S.E.2d 891, 893–94 (Va. Ct. App. 1992))).

9